UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| VIRGINIA HUNTER,<br>            Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, TRANSUNION, LLC., EQUIFAX INFORMATION SERVICES, LLC., and EXPERIAN INFORMATION SOLUTIONS, INC.<br>            Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   Case No.<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

NOW COMES Plaintiff, VIRGINIA HUNTER ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO"), TRANSUNION, LLC ("TRANSUNION"), EQUIFAX, INC. ("EQUIFAX"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") (collectively referred to as "Defendants"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Fisher County, in the City of Rotan, in the State of Texas.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

4. Defendant PORTFOLIO, is a business entity located in Norfolk, Virginia and conducting business in the State of Texas.

5. Defendant PORTFOLIO was a "person" at all times relevant as that term is defined by 15 U.S.C. § 1681a(b).

6. At all relevant times Defendant PORTFOLIO was engaged, by use of the mails, in the business of attempting to collect from Plaintiff a "debt" as defined by 15 U.S.C. § 1692a(5).

7. Defendant PORTFOLIO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant PORTFOLIO is a "furnisher" of credit information as that term is described in 15 U.S.C. § 1681s-2 *et seq*.

9. Defendant EQUIFAX is business entity with its headquarters located in Atlanta, Georgia and conducting business in the State of Texas.

10. Defendant EQUIFAX is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

11. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

13. Defendant TRANSUNION is business entity with its headquarters located in Chicago, Illinois and conducting business in the State of Texas.

14. Defendant TRANSUNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

15. Defendant TRANSUNION is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16. Defendant TRANSUNION furnishes such consumer reports to third parties under contract for monetary compensation.

17. Defendant EXPERIAN is business entity with its headquarters located in Costa Mesa, California and conducting business in the State of Arizona.

18. Defendant EXPERIAN is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

19. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

20. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

21. Defendants EQUIFAX , TRANSUNION, and EXPERIAN are a "consumer reporting agenc[ies]" ("CRA[s]") as that term is described in 15 U.S.C. § 1681a(f).

22. At all times relevant to this Complaint, Defendants acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

23. At all relevant times, consumer reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## Jurisdiction and Venue

24. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. 1692k(d), and 28 U.S.C. § 1331.

25.     Venue is proper pursuant to 28 U.S.C § 1391(b) as Plaintiff resides within this District and the conduct giving rise to this action occurred in this District because a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

26.     Plaintiff incurred or allegedly incurred a debt on a Citibank credit card ending in account number 1770 (hereinafter referred to as the "Account") that arose from transactions which were primarily for personal, family, and household purposes.

27.     Upon information and belief, the payments on the Account were alleged to be owed and past due, and the Account was sold to PORTFOLIO who engaged in conduct to collect payments.

28.     On or about July 10, 2019, Plaintiff and PORTFOLIO agreed to settle the Account to be paid in monthly payments commencing July 26, 2019 and ending May 26, 2020.

29.     Plaintiff satisfied the terms of the aforementioned agreement by timely making the agreed monthly payments, thereby extinguishing any obligation regarding the Account.

30.     Despite the foregoing, EQUIFAX, EXPERIAN and TRANSUNION reported inaccurate information that reflects negatively on Plaintiff's history of credit regarding the Account (hereinafter referred to as "inaccurate information") and, upon information and belief, disseminated credit reports containing said inaccuracies.

31.     On or about July 21, 2020, Plaintiff disputed the inaccurate information with EQUIFAX, EXPERIAN and TRANSUNION.

32. Plaintiff's written dispute explained that the Account had been settled and paid, included a copy of the written agreement memorializing the settlement of the Account, and that the credit report failed to accurately reflect the true nature of the Account.

33. Upon information and belief, pursuant to its responsibility in 15 U.S.C. § 1681i, within five (5) days of Plaintiff disputing the inaccurate information with EQUIFAX, EXPERIAN and TRANSUNION, PORTFOLIO received notification from EQUIFAX, EXPERIAN and TRANSUNION of Plaintiff's dispute and the nature of the dispute.

34. Upon information and belief, EQUIFAX, EXPERIAN and TRANSUNION received the results of PORTFOLIO's investigation as to Plaintiff's dispute.

35. Upon information and belief, EQUIFAX, EXPERIAN and TRANSUNION updated the reporting of the Account solely based on the information it received from PORTFOLIO in response to Plaintiff's dispute.

36. Notwithstanding Plaintiff's efforts, as of October 29, 2020, EQUIFAX, EXPERIAN and TRANSUNION continued to publish and disseminate inaccurate information concerning the Account on Plaintiff's credit report.

37. Specifically, EQUIFAX reported the Account having an unpaid balance of $848.00, even though the Plaintiff satisfied the terms of the agreement on May 26, 2020.

38. TRANSUNION reported the Account as being "In Collection" and reporting an unpaid balance of $828.00 even though the Plaintiff satisfied the terms of the agreement on May 26, 2020.

39. EXPERIAN reported the Account as a "Collection account" in collection June 2020 through October 2020 with an unpaid balance of $828.00, and it also failed to accurately report the payments made by Plaintiff during the terms of the settlement.

40. The inaccurate information concerning the Account as reported on the credit report negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

41. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform responsible reinvestigations of the aforementioned dispute as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory and inaccurate information about Plaintiff with respect to the Account.

42. If Defendants would have complied with their statutory duties, the inaccurate information regarding the Account would not have been reported.

43. As a result of Defendants' conduct, Plaintiff has suffered actual damages as the inaccurate information being reported on Plaintiff's credit report have impeded Plaintiff's ability to obtain credit or favorable terms in financing an interest, caused Plaintiff to incur out of pocket expenses associated with disputing the inaccurate information only to find the inaccurate information remains on the credit report, emotional distress and mental anguish associated with having incorrect derogatory personal information being reported on the credit report, and a decreased credit score which may result in the inability to obtain credit or favorable terms on future attempts.

### COUNT I – EQUIFAX, TRANSUNION, and EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

45. Pursuant to 15 U.S.C. §§ 1681n and 1681o, EQUIFAX, EXPERIAN and TRANSUNION are liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681e(b)

   a. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file.

46. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, EQUIFAX, EXPERIAN and TRANSUNION are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT II – EQUIFAX, TRANSUNION, and EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

47. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

48. Pursuant to 15 U.S.C. §§ 1681n and 1681o, EQUIFAX, EXPERIAN and TRANSUNION are liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681i

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a); and

   d. Willfully or negligently failing to delete the inaccurate information from

Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

49. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, EQUIFAX, EXPERIAN and TRANSUNION are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT III –PORTFOLIO
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

51. Pursuant to 15 U.S.C. §§ 1681n and 1681o, PORTFOLIO is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681s-2(b):

   a. Willfully or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully or negligently failing to review all relevant information provided to it by EQUIFAX, EXPERIAN and TRANSUNION concerning Plaintiff's dispute or the Account;

   c. Willfully or negligently failing to report the inaccurate status of the inaccurate information to all consumer reporting agencies;

   d. Willfully or negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. Willfully or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff, or the Account, to consumer reporting agencies, or other entities, despite knowing that said information was inaccurate;

   f. Willfully or negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

52. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, PORTFOLIO is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT IV –PORTFOLIO
## Violation of the Fair Debt Collection Practices Act – 15 U.S.C. § 1692

53. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

54. PORTFOLIO's violations of the FDCPA include, but are not limited to, the following:

   a. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, and/or legal status of the Account; and

   b. § 1692e(8) of the FDCPA by communicating to any person credit information which is known or which should be known to be false.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial for Defendants' violations of the FCRA pursuant to 15 U.S.C. § 1681n(a);

b) Statutory damages of $1,000 for Defendants' violations of the FCRA pursuant to 15 U.S.C. § 1681n(a);

c) Punitive damages and equitable relief including, but not limited to, enjoining Defendants from further FCRA violations, pursuant 15 U.S.C. § 1681n(a);

d) Actual damages for PORTFOLIO's violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

e) Statutory damages in the amount of $1000 for PORTFOLIO's violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

f) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1692k; and

g) Any further legal and equitable relief as this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: January 26, 2021

/s/ Adam T. Hill
Adam T. Hill
The Law Office of Jeffrey Lohman, P.C.
28544 Old Town Front St., Ste. 201
Temecula, CA 92590
Tel. (657) 236-3525
F: (602) 857-8207
E: AdamH@jlohman.com

Attorneys for Plaintiff,
VIRGINIA HUNTER